**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BRENDA J. WILEY, | : | |
| Petitioner, | : | Civil Action No. 06-2615 (MLC) |
| v. | : | **OPINION** |
| CHARLOTTE BLACKWELL, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

BRENDA J. WILEY, Petitioner Pro Se
Prison #14380/SBI #808151B
Edna Mahan Correctional Facility for Women
P.O. Box 4004, Stowe 1 South, Clinton, New Jersey 08809-4004

STEVEN C. LEMBER, ESQ.,
Hunterdon County Prosecutor's Office
65 Park Avenue, Flemington, New Jersey 08822
Counsel for Respondents

**COOPER,** District Judge

Petitioner, Brenda J. Wiley ("Wiley"), petitions for habeas corpus relief under 28 U.S.C. § 2254. The petition will be dismissed as untimely under 28 U.S.C. § 2244(d).

I. BACKGROUND

A. Statement of Facts

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, see 28 U.S.C. § 2254(e)(1), will simply reproduce the Appellate Division's factual recitation, as set forth in its April 26, 1994 per curiam Opinion on petitioner's direct appeal from her conviction:

After a court ordered waiver of Family Part jurisdiction pursuant to N.J.S.A. 2A:4A-26, defendant was tried to a jury under Hunterdon County Indictment 91-6-76 and convicted of the purposeful or knowing murders of her brother, Keith Wiley, and her mother, Bonnie Wiley.  The court sentenced defendant to concurrent terms of life imprisonment, each with a thirty-year period of parole ineligibility.  Defendant was also convicted of related third and fourth degree crimes for which she received concurrent prison terms.

Defendant, who was almost sixteen years old when the killings occurred, does not contest the fact that she killed her brother and mother.  The evidence overwhelmingly established that fact, even without consideration of the statements she made while in police custody.  However, defendant seeks reversal of her conviction on the following grounds: (1) that the court erred, procedurally and substantively, in ordering the waiver of family court jurisdiction; (2) that her statement to the police should have been excluded from evidence at trial; (3) that the trial court erred in its jury instruction regarding diminished capacity; and (4) that the proceedings below were "fundamentally unfair" because the State "took opposing positions on a crucial factual issue in two phases of the same proceeding."

We have carefully reviewed the record and, in light of applicable law, we conclude that those contentions are clearly without merit.  R. 2:11-3(e)(2).  We add the following comments regarding contentions (2) and (4).

The police arrested defendant after a high speed chase.  Defendant was advised of her Miranda rights twice while at the arrest scene by two officers, though they did not interrogate her.  On at least one of those occasions defendant responded that she understood those rights.

Defendant was transported to the Hunterdon County Prosecutor's office where she refused offers of medical attention for small cuts on her right knee, and offers of food, drink and bathroom facilities.  Shortly thereafter, Chief Investigator Susalis arrived, determined her age and decided to try to locate defendant's father before attempting to question her.  Defendant informed Susalis that she did not want to see her father.

The police located defendant's father, Mark Wiley, at his place of employment in Flemington and transported him to the prosecutor's office, where he was informed of the death of his wife and son and defendant's arrest.  Understandably,

>    the father became upset and emotional.  After being given
>    time to regain his composure, the father was brought into
>    defendant's presence, where he immediately asked her what
>    had happened.  Susalis, however, instructed defendant not to
>    answer.  Susalis then informed defendant of her Miranda
>    rights.  Defendant stated as to each right that she
>    understood it.  Defendant, in her father's presence, agreed
>    to waive her rights and signed and dated Susalis's Miranda
>    card.  Mark Wiley also signed the card as a witness.
>
>    After being advised of her rights and expressing a
>    willingness to waive them, defendant indicated that she did
>    not want her father present.  As he walked out of the room,
>    Mark Wiley asked defendant what had happened, to which she
>    replied, "I killed them."  Thereafter, defendant gave a
>    taped statement to the police.

(RA1, April 26, 1994 Appellate Division Opinion).[1]

B.  Procedural History

A Hunterdon County Grand Jury indicted Wiley on June 6, 1991, for: (Count One) murder of Bonnie Wiley; (Count Two) murder of Keith Wiley; (Count Three) unlawful possession of a knife with the purpose of using it against Bonnie Wiley; (Count Four) unlawful possession of a knife with the purpose of using it against Keith Wiley; (Counts Five and Six) unlawful possession of a weapon; and (Count Seven) unlawful possession of an automobile.[2]

---

[1] "RA" denotes respondents' appendix, which is the relevant state court record provided with respondents' answer to the petition.

[2] Petitioner was first charged, on November 8, 1990, on two juvenile complaints of juvenile delinquency contrary to N.J.S.A. 2A:4A-23 et seq., for acts which if committed by an adult would constitute murder.  The Hunterdon County Prosecutor's Office moved for waiver of family court jurisdiction over these juvenile complaints so that the prosecution might proceed in the Superior Court of New Jersey, Law Division.  The State's motion was granted on May 16, 1991, and the case was referred to the Law Division so that petitioner could be tried as an adult.

Wiley was tried before the Honorable Roger F. Mahon, J.S.C. and a jury, between November 4, 1991 and November 21, 1991. Count Seven of the indictment (auto theft) was dismissed at the close of the State's case for failure to present evidence from which a jury could conclude that Wiley did not have permission to use the automobile. Count Six was voluntarily dismissed by the State at the close of trial. On November 21, 1991, the jury returned a verdict of guilty on the remaining five counts.

Judge Mahon sentenced Wiley on January 24, 1992, on an aggregate term of life imprisonment with 30 years parole ineligibility. (RA64). Wiley thereafter filed a direct appeal to the Superior Court of New Jersey, Appellate Division. (RA6). On April 26, 1994, the Appellate Division affirmed the conviction and sentence. (RA1). The Supreme Court of New Jersey denied certification on March 25, 1996. (RA2).

Wiley then filed her first petition for post-conviction relief ("PCR") in state court on January 24, 1997. (RA13). A hearing was conducted on August 18, 1997, before the Honorable Marilyn Rhyne Herr, J.S.C. (RA10). Judge Herr denied relief at the hearing's conclusion. (RA10, 18:19-24). An Order denying the PCR petition was filed on September 2, 1997. (RA9). Wiley appealed therefrom, and on October 2, 1998, the Appellate Division affirmed the denial of post-conviction relief. (RA11). The New Jersey Supreme Court denied certification on January 22, 1999.

Wiley filed a second state PCR petition more than six years later, on August 19, 2005. (RA28). In a letter opinion dated April 4, 2006, the Honorable Roger F. Mahon, J.S.C. denied the second PCR petition on the grounds that the claims asserted were either time-barred or previously adjudicated on the merits. (RA24, at 14). Judge Mahon also ruled that Wiley's supplemental argument, under Blakely v. Washington, 542 U.S. 296 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000), for a sentence reduction predicated upon an alleged illegal sentence was without merit. (Id.) An Order denying post-conviction relief was filed on April 4, 2006. (RA23). Wiley appealed therefrom, and the Appellate Division affirmed the PCR court in an Opinion decided on December 29, 2006. (RA26). Wiley then petitioned for certification to the Supreme Court of New Jersey. (RA35).

Wiley filed this federal habeas petition under 28 U.S.C. § 2254 on or about June 1, 2006,[3] while her second state PCR

---

[3] Under the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998) (applying Houston prison mailbox rule, which dealt with filing of appeal, to pro se prisoner's filing of petition). The Court cannot determine from the face of the petition exactly when Wiley handed it to prison officials for mailing, but she signed it on June 1, 2006. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1998) (using date prisoner signed habeas petition as date handed to prison officials for purposes of calculating timeliness). Accordingly, the Court finds that June 1, 2006, rather than June 7, 2006 (the date the petition was received in the Clerk's office), is the date this petition was filed for purposes of calculating its timeliness.

proceeding was pending on appeal.  (Dkt. entry no. 1.)  On June 26, 2006, this Court ordered Wiley to show cause by July 31, 2006, why her petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d).  (Dkt. entry no. 2.)  On August 1, 2006, Wiley filed a notice of appeal with the United States Court of Appeals for the Third Circuit.  (Dkt. entry no. 3).  With her notice of appeal, Wiley filed a certification in which she argues that equitable tolling should apply to permit adjudication of her habeas petition on the merits.  Specifically, Wiley asserts that she was prevented from filing a timely petition because her counsel had not made known to her the time limitations for filing a habeas petition until after the limitations period had lapsed.  (Id.)  The appeal was dismissed on or about August 30, 2006, as Wiley had asked to withdraw it.  (Dkt. entry nos. 6 & 7).

Respondents answered the petition and provided the relevant state court record on March 19, 2007.  Respondents assert the affirmative defense that this action is time-barred under 28 U.S.C. § 2244(d).  On August 28, 2007, Wiley moved to amend her petition and for appointment of counsel.  The motion papers did not address the limitations issue.

## II.  STATEMENT OF CLAIMS

Wiley raises these claims for relief in her habeas petition:

Ground One: State court erred in its decision to try petitioner as an adult.

6

Ground Two: Petitioner's statement to the police was improperly admitted at trial.

Ground Three: The jury charge on diminished capacity was improper and confusing.

Ground Four: The judicial proceedings were fundamentally unfair because the State took opposing positions on a crucial factual issue in two phases of the same proceeding.

Ground Five: Petitioner was denied the right to effective assistance of counsel at his juvenile waiver proceeding and at the adult trial proceeding.

Ground Six: The Eighth Amendment bars sentencing of petitioner to life in prison with a 30-year parole disqualifier for a crime committed as a fifteen-year old.

Ground Seven: New Jersey statute, N.J.S.A. 2A:4-26, unconstitutionally shifts the burden of proof to the defendant.

Ground Eight: Petitioner was denied an evidentiary hearing necessary to establish ineffective assistance of counsel.

Ground Nine: Petitioner should be re-sentenced or a new trial ordered in light of <u>Blakely v. Washington</u>, to prevent manifest injustice created by sentencing petitioner to life in prison as a "waived-up juvenile offender."

Ground Ten: The United States Supreme Court has observed a legal system based on precedent which has a built in presumption of retroactivity.

Ground Eleven: The "waived-up juvenile offender" Rule 5:22-2 is illegal and unconstitutional.

The State answered the petition asserting that the petition is time-barred. The State also contends that the petition is without merit, and that some of petitioner's claims have been dismissed in the state courts on state procedural grounds.

### III.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989). Because petitioner is a pro se litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

### IV.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review

> with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F.Supp. 146, 147 (D.N.J. 1996).  State prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA were permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254.  See Burns, 134 F.3d at 111.  See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S.Sup.Ct.R. 13.

As noted above, where a conviction became final before April 24, 1996, the effective date of § 2244(d), a state prisoner had a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  But that limitations period is tolled while a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is not filed, Swartz v. Meyers, 204 F.3d at 420-24.[4]  Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court.  See Lawrence v. Florida, 127 S.Ct. 1079, 1083

---

[4] "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar." Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (cites omitted).

10

(2007); Stokes v. Dist. Att'y of County of Phila., 247 F.3d 539, 542 (3d Cir. 2001).

The limitations period of § 2244(d) is also subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 618 (3d Cir. 1998).

"Equitable tolling is available only when the principle of equity would make the rigid application of a limitation period unfair." Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). There are two requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." Id. (cite and internal quotes and brackets omitted). See also LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling exist where a petitioner: (1) has been actively misled; (2) has been prevented from asserting rights in some extraordinary way; (3) timely asserted rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) was misled by a court as to the steps that need to be taken to preserve a claim, see Brinson v. Vaughn, 398

11

F.3d 225, 230 (3d Cir.), cert. denied, 546 U.S. 957 (2005).[5]  But even if extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (cite and quote omitted).

Wiley's judgment of conviction here became final on June 25, 1996, 90 days after the conclusion of direct review on March 25, 1996, pursuant to § 2244(d)(1).  See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S.Sup.Ct.R. 13.  Thus, because the judgment of conviction became final after AEDPA's enactment on April 24, 1996, Wiley had one year from June 25, 1996, or until June 25, 1997, to file a federal habeas petition under § 2254.

But this Court finds that statutory tolling applied here, under 28 U.S.C. § 2244(d)(2), when Wiley filed her first state PCR petition on January 24, 1997.  Wiley's one-year limitations period remained tolled, from January 24, 1997 until January 22, 1999, when the New Jersey Supreme Court denied certification on her appeal from denial of post-conviction relief.  See Lawrence,

---

[5] In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002); Fahy, 240 F.3d at 244.

12

127 S.Ct. at 1083; <u>Stokes</u>, 247 F.3d at 542. Thus, the one-year limitations period ran from June 25, 1996 to January 23, 1997, for a total of 212 days, until it was tolled from January 24, 1997 until January 22, 1999. Wiley then had 153 days left in the one-year period (365 days - 212 days = 153 days), or until June 23, 1999, to file her federal habeas petition. She did not file her federal habeas petition until June 1, 2006, almost seven years after the one-year limitations period had expired.

Wiley did file a second state PCR petition on or about August 19, 2005, six years after her judgment of conviction became final and well beyond the one-year limitation period under 28 U.S.C. § 2244(d)(1). Thus, Wiley's late PCR petition did not serve to statutorily toll the limitations period for bringing a federal habeas petition under 28 U.S.C. § 2244(d)(2), because the second state PCR petition was found to be untimely by the state courts and filed long after the one-year statute of limitations had expired under § 2244(d)(1).[6]

---

[6] The second PCR court found that Wiley's petition was time-barred under N.J.Ct.R. 3:22-12, as it was brought over 13 years after the date of conviction. Rule 3:22-12 requires that a PCR petition be filed no later than five years from the date of conviction. The state court also held that Wiley had failed to demonstrate excusable neglect or exceptional circumstances to permit the filing of her second state PCR petition out-of-time. (RA24, 4-4-2006 letter opinion at 5-7). The state PCR court further held that Wiley's second PCR petition was barred under N.J.Ct.R. 3:22-4, as there was nothing in the second PCR petition that could not have reasonably been raised in Wiley's direct appeal or first state PCR petition, and that the ineffective assistance of counsel claims were barred by N.J.Ct.R. 3:22-5, as

But Wiley argues that equitable tolling should apply due to mistake or inaction on the part of her counsel.  She states that she "was prevented from more promptly filing her habeas petition because of the inadequate and non-actions of counsel not made known to her until a lengthy time had lapsed. [Wiley] should not be made to bear the burden of counsel's disregard of attorney duties when she has no foresight to the Law."  (Dkt. entry no. 3, Wiley 7-27-2006 Cert., at ¶ 6).  Wiley argues that the doctrine of "excusable neglect" should apply.[7]  (Id. at ¶ 7).  This argument is based on the contention that she should not be punished for the failure of her counsel to apprise her of the limitations period in a timely manner.

This Court finds no basis for equitable tolling here. Wiley's contention that counsel was inadequate and failed to raise these issues with her does not save this petition from dismissal as time-barred, as attorney error, miscalculation, or inadequate research are not the "extraordinary circumstances" needed to establish equitable tolling.  See Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002); Fahy, 240 F.3d at 244.

---

they had been adjudicated on the merits in her earlier PCR petition.  The state court also found that Wiley's Eighth Amendment claim lacked merit, and that her Blakely and Apprendi claims also lacked merit as there is no statutory maximum or presumptive sentence for murder.  (RA24).

[7] See N.J.Ct.R. 3:22-12(a), which requires that state PCR petitions be filed within five years from entry of the judgment of conviction, unless petitioner can show excusable neglect.

14

This Court finds that Wiley has not shown any extraordinary circumstances, and has only alleged attorney neglect. Diligence by Wiley also is lacking. Wiley waited six years, without reason, before filing her second state PCR petition, even though most of the claims had already been adjudicated, or were discoverable and should have been presented in her first PCR petition, rather than in a piecemeal fashion. In fact, the state PCR court and appellate court expressly found that Wiley did not present any justifiable excuse or extraordinary circumstances for her six-year delay in bringing her second state PCR petition. (RA24, RA26).

Therefore, this Court finds no extraordinary circumstances to warrant equitable tolling in this case. At best, it would appear that Wiley failed to consider the time restrictions that prohibit the filing of state PCR petitions more than five years after entry of the judgment of conviction, and how an untimely state PCR petition would also foreclose federal habeas review under 28 U.S.C. § 2244(d)(2). Ignorance of or misreading the law, even for an incarcerated pro se petitioner, generally does not excuse a late filing. Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); see Jones, 195 F.3d at 159-60.

As Wiley fails to show any extraordinary circumstances that would permit the equitable tolling of the one-year statute of

15

limitations, her habeas petition must be dismissed accordingly as time-barred.

## V. CERTIFICATE OF APPEALABILITY

The Court must determine whether a certificate of appealability should issue. See 3d Cir. Local App. R. 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the petitioner must demonstrate that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

For the reasons discussed above, this § 2254 habeas petition is time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

16

CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d). No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). Furthermore, because this matter is time-barred, Wiley's application for appointment of counsel and request to amend her petition will be denied as moot. An appropriate order and judgment follows.

                                                    s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

**Dated:** March 20, 2008